[No. 11034. In Bank. — September 27, 1888.]

FRITZ HABENICHT, RESPONDENT, v. A. H. LISSAK, JR., APPELLANT.

SALE — ACCEPTANCE OF GOODS. — When articles sold under an executory contract are inspected and accepted by the vendee upon arrival, the title passes to the vendee.

PLEDGE — EXECUTORY SALE BY PLEDGOR — ACTION FOR BREACH OF CONTRACT — MEASURE OF DAMAGES. — When goods sold by a pledgor are in the possession of the pledgee, and are not paid for or delivered to the pledgor's vendee, the title does not pass to such vendee; and if the goods are sold fairly at auction by the pledgee for less than the price agreed upon. between the pledgor and his vendee, the latter, if purchasing with notice of the pledge, is liable to an action, under section 3311 of the Civil Code, to recover the difference between the contract price, less the amount paid thereon, and the proceeds of sale realized by the pledgee.

ID. — EQUITABLE ASSIGNMENT — PURCHASE-MONEY OF GOODS PLEDGED — PRIVITY OF CONTRACT — PARTIES — RIGHTS OF ASSIGNEE — NONSUIT. — An understanding that payment for goods sold by a pledgor is to be made to the pledgee, in order that the vendee may secure possession, does not operate as an equitable assignment of the pledgor's claim for purchase-money to the pledgee, if there is no privity of contract between the pledgee and the vendee; and a subsequent assignee of the pledgor's right to the purchase-money cannot be nonsuited in an action against the vendee for breach of the contract of sale, upon the ground that the pledgee was a necessary party to the contract of sale, or that the cause of action was joint.

ID. — WRITTEN CONTRACT OF SALE — PAROL EVIDENCE. — In an action by the assignee of a pledgor against the pledgor's vendee for breach of a

written contract of sale not referring to the pledge, evidence to show the transactions between the pledgor and pledgee is necessary in showing that the defendant knew the goods were pledged, and that he did not expect to receive them except upon payment to the pledgee, and such evidence does not vary the terms of the written contract of sale.

OFFER OF DELIVERY OF GOODS SOLD — PAROL EVIDENCE AS TO IDENTITY. — When a specific number of articles of a certain kind are sold, parol evidence is admissible to identify the goods offered for delivery as being the same goods which were sold.

PLEADING — SALE OF PLEDGED GOODS — BREACH OF CONTRACT — REASONABLE TIME. — An averment in a complaint for breach of contract to buy goods held in pledge by a third person, that the defendant was indulged for over a year longer than his original agreement allowed him in which to pay for and receive the goods, is a sufficient averment that a reasonable time was given to comply with the contract before resale of the goods pledged by the pledgee.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The action was brought for breach of the following written contract of sale, the claim for which was assigned by Hughes & Co. to the plaintiff:—

"SAN FRANCISCO, 316 CALIFORNIA STREET,
"June 22, 1881.

"We have this day bought from Messrs. Hughes & Co., on account of Mr. A. H. Lissak, Jr., seven hundred and twenty thousand (720,000) Liverpool return grain sacks, at six and one half cents (6½ cts.) each, cash on delivery, in United States gold coin, in parcels as required, between now and 1st of November next. Allowance for sea damage and chafage received on above sacks to be turned over to purchaser, who agrees to pay Rogers, Meyer, & Co. a margin of ¼ c. per bag on signing of this contract.

"WHITE AND LISSAK, Brokers.

"Approved: A. H. LISSAK."

The sacks thus purchased were the remainder of a lot of 748,000 sacks which had been previously purchased by Hughes & Co. from Rogers, Meyer, & Co., and were held by the latter firm in pledge for payment of the bal-

ance of the purchase-money, amounting to forty thousand dollars. It was arranged that Rogers, Meyer, & Co. should deliver the bags to the defendant upon his making payment to them of the price agreed upon between him and Hughes & Co. The assignment to plaintiff was objected to when offered in evidence, upon the ground that Hughes & Co. had no interest in the goods which was capable of transfer, and that the title was in Rogers, Meyer, & Co. The defendant also moved for a nonsuit upon the same ground, and upon other grounds, among which were the following: That any cause of action in favor of Hughes & Co. was one in which Rogers, Meyer, & Co. had a joint interest; that no assignment had been made by them to plaintiff; that the complaint showed no cause of action in favor of the plaintiff; that under the complaint the transactions between Hughes & Co. and Rogers, Meyer, & Co. were *res inter alios acta* and immaterial, and that the liability of defendant on the contract could not be affected thereby; that the complaint does not aver that a reasonable time was allowed for performance of the contract before the goods were sold by Rogers, Meyer, & Co.; that Hughes & Co. were neither able nor willing to perform the contract of sale on their part; that the title and possession of the goods never passed to Hughes & Co.; and that the contract of sale by the latter was *nudum pactum.* The further facts are stated in the opinion.

*Henry E. Highton,* for Appellant.

The agreement operated as an assignment to Rogers, Meyer, & Co. of the purchase price. ( *Wiggins* v. *McDonald,* 18 Cal. 127; *Wetmore* v. *San Francisco,* 44 Cal. 300; *Ruple* v. *Bindley,* 91 Pa. St. 296, 299; *East Lewisburg L. & M. Co.* v. *Marsh,* 91 Pa. St. 96, 99; *Phœnix Iron Co.* v. *City of Philadelphia,* 11 Phila. 203; *Brill* v. *Tuttle,* 81 N. Y. 454; 37 Am. Rep. 515; *McEwen* v. *Johnson,* 7 Cal. 260; *Wheatley* v. *Strobe,* 12 Cal. 92; 73 Am. Dec. 522;

*Pope* v. *Huth,* 14 Cal. 406; *McLellan* v. *Walker,* 26 Me. 114; *Kingman* v. *Perkins,* 105 Mass. 112; Pomeroy's Remedies, 2d ed., secs. 127, 139; *Lawrence* v. *Fox,* 20 N. Y. 275; *Weise* v. *Gerner,* 42 Mo. 527.) The title never passed to Hughes & Co. (1 Benjamin on Sales, 4th Am. ed., p. 2; *Elgee Cotton Cases,* 22 Wall. 187, 188; *Cardinell* v. *Bennett,* 52 Cal. 477; *Olney* v. *Howe,* 89 Ill. 556; 31 Am. Rep. 105; Newmark on Sales, secs. 71, 74; *Hatch* v. *Oil Co.,* 100 U. S. 124, 131; *Terry* v. *Wheeler,* 25 N. Y. 520, 525; *Callaghan* v. *Myers,* 89 Ill. 566, 570; *Sewell* v. *Eaton,* 6 Wis. 490; *Fletcher* v. *Ingram,* 46 Wis. 191, 201; *Kelley* v. *Upton,* 5 Duer, 340.) Parol evidence was inadmissible to alter the clear terms of the contract of sale, or to vary its legal effect. (*Barry* v. *Ransom,* 12 N. Y. 462; *Brandon Mfg. Co.* v. *Morse,* 48 Vt. 327; *Thompson* v. *Ketchum,* 8 Johns. 190; 5 Am. Dec. 332; 2 Parsons on Contracts, 7th ed., *551; *Pattison* v. *Hull,* 9 Cow. 747, 753; *Fitch* v. *Archibald,* 29 N. J. L. 160; *Johnson* v. *Pierce,* 16 Ohio St. 472; *Watson Car Mfg. Co.* v. *Ellensport Lumber Co.,* 99 Pa. St. 609; *La Farge* v. *Ricketh,* 5 Wend. 187; 21 Am. Dec. 209; *Cocker* v. *Franklin Mfg. Co.,* 3 Sum. 530; *White* v. *Talmage,* 3 Jones & S. 223; *Racine County Bank* v. *Keep,* 13 Wis. 209; *Ellis* v. *Hamilton,* 4 Sneed, 518; *Fields* v. *Hunston,* 1 Cold. 40; *Brown* v. *Spofford,* 95 U. S. 482.)

*Pillsbury & Blanding,* for Respondent.

Upon a sale of specific chattels which are identified and accepted, title passes without delivery. (Civ. Code, secs. 1141, 1748, 1749; *Hayden* v. *Demets,* 53 N. Y. 426, 431; *West* v. *Cunningham,* 9 Port. 104; 33 Am. Dec. 300; *Kimberly* v. *Patchin,* 19 N. Y. 330, 334; 75 Am. Dec. 334; *Higgins* v. *Murray,* 43 Mich. 565, 568; *Olyphant* v. *Baker,* 5 Denio, 379, 382; Benjamin on Sales, sec. 3; *Clark* v. *Rush,* 19 Cal. 393, 396; *Packard* v. *Wood,* 4 Gray, 307, 311; *Philbrook* v. *Eaton,* 134 Mass. 398, 400.) There was sufficient delivery to Hughes & Co. (*Kimberly* v.

*Patchin,* 19 N. Y. 330, 332; 75 Am. Dec. 334; Benjamin
on Sales, secs. 174, 180, 182; *Campbell* v. *Hamilton,* 63
Iowa, 293.) There was no title to the bags in Rogers,
Meyer, & Co. by virtue of the pledge by Hughes & Co.
(*Heyland* v. *Badger,* 35 Cal. 404, 410; *Wright* v. *Ross,* 36
Cal. 414, 428.) The difference between the price agreed
to be paid and the amount realized on a resale, supple-
mented by the expenses, was a proper measure of dam-
ages. (*Pollen* v. *Le Roy,* 30 N. Y. 549, 558; Civ. Code,
secs. 1749, 3310, 3049.) It was admitted on the trial
that these bags were sold at auction to the very best ad-
vantage, and there was no question as to the regularity
of the proceedings. (Civ. Code, secs. 3000–3009.) Parol
evidence is always admissible to identify the subject-
matter of a contract, and the evidence objected to was
admitted for that purpose. (2 Wharton on Evidence,
secs. 942, 1026.)

FOOTE, C.—This is an action for a breach of contract
upon sale of a large number of bags. They were sold to
the defendant by Hughes & Co., and were to be deliv-
ered by Rogers, Meyer, & Co., who held them in pledge
for a debt due to them from Hughes & Co. The claim
of Hughes & Co. was assigned by them to the plaintiff.

The defendant did not pay for the bags as he agreed
to do, and they were sold at auction by the firm who
held them in pledge. The price they brought was cred-
ited upon the debt which Hughes & Co. owed to Rogers,
Meyer, & Co., and became a payment *pro tanto* to Hughes
& Co., and this suit was instituted to recover from the
defendant the difference between the price he had agreed
to pay Hughes & Co. for the bags, less the amount he
had paid them, and the amount of money which they
brought at auction.

The action appears to have been brought under sec-
tion 3311 of the Civil Code, which reads as follows:—

"The detriment caused by the breach of a buyer's

agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be:—

"1. If the property has been resold, pursuant to section 3049, the excess, if any, of the amount due from the buyer, under the contract over the net proceeds of the resale."

In this instance the property pledged was sold by the pledgee to reimburse himself for the purchase price, and the claim of Hughes & Co. was assigned in writing to the plaintiff, Habenicht.

All the steps necessary under the statutes to make a legal and fair sale of the property held in pledge were duly taken, and no unfairness appears in the sale.

The plaintiff had judgment as prayed for, and from that, and an order refusing a new trial, the defendant has appealed.

The facts of the case seem to be, that the bags were originally sold by Rogers, Meyer, & Co. to Hughes & Co., under a certain written contract. They did not pay for them at once, but did inspect, receive, and accept them in such a way as to make the delivery to them valid, and they then allowed the bags to remain in pledge with Rogers, Meyer, & Co., to be given up to them by the latter, as they should pay for them. Thereafter Hughes & Co. did make payments to Rogers, Meyer, & Co., on account of their debt due for the bags, Hughes & Co. being the owners of the bags, although they had transferred their possession to Rogers, Meyer, & Co. in pledge.

There is no question but that the title to the bags passed to Hughes & Co., for Mr. Hughes, as a witness, says he "received every consignment of these bags as they arrived, and accepted them. These bags came on a dozen vessels. As each lot arrived, I *inspected* and ac-accepted it. I examined the bags on the wharf as they came out of the ship." (Civ. Code, sec. 1141.)

When the title to the bags passed to Hughes & Co., and they had pledged them to Rogers, Meyer, & Co., the

defendant, Lissak, with full notice and knowledge that the bags had been thus pledged, agreed to buy them from Hughes & Co., and to pay the price agreed upon into the hands of Rogers, Meyer, & Co., for the account of Hughes & Co., upon the delivery to him of the bags as he thus paid for them.

The particular bags which are involved in this controversy were not paid for or delivered to the defendant, and he never had title thereto. But it appears to us from the evidence that he could have had possession of them if he had paid for them as he agreed to do. His main defense seems to be that under the warranty, express or implied, the bags sold to him were to be merchantable as "return bags," and that they were not fit for the purpose as warranted. The jury passed upon that question as submitted to them upon the evidence, and we are not prepared to say that they were wrong.

The complaint, in our opinion, states facts sufficient for a cause of action for the breach of a buyer's agreement where the title to personal property has not passed. Nor do we concur in the view of defendant's counsel that the language of the complaint shows that Rogers, Meyer, & Co. were the equitable assignees of the claim due from the defendant to Hughes & Co.

The complaint states that Rogers, Meyer, & Co. were the pledgees of the goods of Hughes & Co., which they sold to the defendant with his knowledge that they were so pledged, and that he agreed to pay the money he owed for them to Rogers, Meyer, & Co., in order that it might be applied to the payment of the price for the goods which Hughes & Co. primarily owed, he also getting credit from Hughes & Co. for so much of the purchase price due them from him, and in that way getting possession of the goods. In other words, knowing when he bought the bags that they were in pledge, he bought them with the understanding that if he got possession of them he must pay for them as delivered to him, and

LXXVII. CAL.—10

that the money must go through the hands of Rogers, Meyer, & Co. to Hughes & Co., their debtor. This was not an assignment to Rogers, Meyer, & Co. of the fund or debt he owed Hughes & Co.

There was no privity of contract alleged in the complaint, or shown in the evidence, between the defendant and Rogers, Meyer, & Co. All that the defendant had to do with them was to get possession of the goods he bought, knowing them to be in pledge for Hughes & Co.'s debt. To get possession, he paid money belonging to Hughes & Co. into the hands of Rogers, Meyer, & Co., for Hughes & Co.'s account. We do not perceive anything in the record which would have justified the court below in granting the nonsuit asked for.

The plaintiff had made out at least a *prima facie* case as set out in the complaint, there being sufficient evidence to have sustained a verdict, and that evidence corresponded with the allegations of the complaint.

It was necessary to show the transactions of Hughes & Co. with Rogers, Meyer, & Co., in order to make it evident that the defendant knew the goods were pledged when he brought them, and that he did not expect to receive them unless he paid for them, through Rogers, Meyer, & Co. There was no evidence introduced to vary the terms of a written contract.

The bought and sold notes between Hughes & Co. and the defendant did not specify any indeterminable lot of "return grain bags." They specified a lot of 720,000 such bags, i. e., a specific number of a certain quality of bags. All that was necessary was to make it certain that those sold by the contract and those offered for delivery were the identical same lot of bags, and that was admissible by parol evidence. (2 Wharton on Evidence, sec. 942, and note 1.)

We cannot notice in detail the many exceptions to the introduction of evidence; but after carefully examining all of them, we can see no error on the part of the trial

court. The instructions as given to the jury were fair, and in accordance with the law of the case. We perceive no error on the part of the court below in refusing or modifying instructions.

The complaint shows that the defendant was indulged for over a year longer than his original agreement allowed him to pay for and receive the bags. This is a sufficient averment that a reasonable time was given him to comply with his contract before resale of the goods, and the proof sustains the averment.

No prejudicial error appears in the record. We advise that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.