[No. 15471. Department Two.—September 14, 1893.]

THOMAS J. DUNCAN, Respondent, v. W. D. GRADY ET AL., Appellants.

Appeal — Dismissal — Failure to File Transcript — Damages for Delay.— Upon a motion to dismiss an appeal for failure to file a transcript within the time prescribed by the rules of the appellate court, and for damages for a frivolous appeal, where it appears from the uncontradicted affidavit of the respondent that the appeal was taken solely for delay, and that the right of appeal has been abused, the appeal will be dismissed and damages will be awarded against the appellant.

MOTION to dimiss an appeal and for damages.

The facts are stated in the opinion of the court.

*W. D. Grady,* for Appellants.

*J. P. Strother,* for Respondent.

DE HAVEN, J. — This is a motion to dismiss an appeal be-cause of the failure of defendants to file a transcript within the time prescribed by rule 2 of this court, and for damages. The appeal is from a judgment rendered against defendants for the sum of $1,233.35, and was perfected by the filing of an undertaking on appeal on June 24, 1893, and no transcript on appeal has been filed in this court; and it further appears from the certificate of the clerk of the superior court, dated August 23, 1893, that the defendants have not requested him to certify to any copy of the record. Upon these facts the appeal must be dismissed. At the time of giving notice of the motion to dis-miss the appeal the respondent also gave notice that he would ask for damages upon the ground that the appeal was taken only for delay. This notice was based upon an affidavit of respondent, a copy of which was duly served upon appellants. This affidavit which was made by respondent states that after the rendition of the judgment appealed from "execution was duly issued in his favor for the levy and collection of the amount due by said judg-ment, and after a levy by the sheriff upon sufficient property of defendants to have satisfied said judgment, defendant, W. D. Grady, who was also the attorney for himself and the other de-fendants, C. A. Owen and R. T. Owen, proposed to this affiant to give a chattel mortgage to gain further time upon said debt; that he referred him to his (affiant's) attorney, and that said Grady told this affiant if he did not consent to said proposition that they would take an appeal upon the judgment and keep him out of the money for a year, and that he (affiant) would only get seven per cent interest upon the debt; that none of the de-fendants ever pretended to have any defense to the action, nor any offset to the debt or judgment; and that the only purpose of appeal in this case was for delay." This affidavit is not contra-dicted, and for the purposes of this motion the matters therein stated must be taken as confessed by the defendants. The facts

stated in the affidavit are such as to entitle the respondent to a judgment against defendants for damages. (*Buckley* v. *Stebbins*, 2 Cal. 149.)

Ordinarily, the rate of interest allowed by law upon a judgment will be deemed a sufficient compensation to the judgment creditor for any delay occasioned by an appeal, and the mere fact that, in the opinion of this court, an appeal is ill-advised will not justify the imposition of damages; but when it appears as in this case that there has been an abuse of the right of appeal, an attempt to wrest the law in relation thereto from its true object and to use it for a purpose for which it was never designed, damages will be awarded.

Appeal dismissed, and judgment in favor of respondent and against appellants for the sum of $100 damages and costs.

FITZGERALD, J., and McFARLAND, J., concurred.