[Civ. No. 877.    Second Appellate District.—November 29, 1910.]

## JEAMMARI COLON, Respondent, v. G. TOSETTI, Appellant.

ACTION FOR BREACH OF PAROL CONTRACT FOR PEACH-TREE STOCK—ORDER GRANTING NEW TRIAL—CONFLICTING EVIDENCE—DISCRETION.—In an action for damages for delivery by defendant to plaintiff of budded peach-tree stock of a kind other than and inferior to that agreed upon by a parol contract, when the findings and judgment were for the defendant, and the evidence was substantially conflicting, and the court granted a new trial, it cannot be said that there was an abuse of discretion in granting a new trial for insufficiency of the evidence to justify the decision.

ID.—DELIVERY OF TREES—PERFORMANCE OF ORAL CONTRACT AFTER YEAR—PLEA OF STATUTE OF FRAUDS NOT TENABLE—OBJECT OF STATUTE.—Where the defendant delivered the trees to the plaintiff, he cannot rely upon the plea of the statute of frauds on the ground that the oral contract was not to be performed within one year. The statute of frauds is for the prevention of fraud, and not in aid of the perpetration of fraud. It is to be used as a shield, and not as a sword.

ID.—STATUTE WHEN INAPPLICABLE—ORAL AGREEMENTS VOLUNTARILY PERFORMED.—The statute of frauds as to the performance of oral contracts within one year does not apply to oral agreements voluntarily performed.

ID.—IMPLIED COVENANT.—When such oral agreement is fully performed there is a covenant of good faith and absence of fraud or deceit implied by law on the part of the performing party and this implied covenant is not within the statute.

ID.—DUTY OF DEFENDANT AS TO FAIR DEALING.—In the exercise of good faith and fair dealing, defendant should have acquainted the plaintiff with the fact that the trees delivered were not in accordance with the oral agreement.

APPEAL from an order of the Superior·Court of Los Angeles County granting a new trial.    Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Tobias R. Archer, for Appellant.

J. L. Murphey, for Respondent.

SHAW, J.—Defendant appeals from an order of court granting plaintiff's motion for a new trial.

The action is one to recover damages alleged to have been sustained by reason of defendant delivering to plaintiff certain budded peach-tree stock of a variety other than and inferior to that agreed upon by the terms of a parol contract.

The only ground of the motion necessary to consider is the insufficiency of the evidence to justify the decision.

Under the agreement, the buds for all of said stock were to be procured from a certain designated peach tree in the orchard of a Mr. Frazier, which defendant believed to be of the variety known as the Early Alexander. Only part of said stock was budded from this tree; it was, in fact, of a variety known as the Early Imperial. The balance of such stock was of a variety known as the Early Alexander. Plaintiff planted the trees in orchard farm upon his land, setting eighty-two to the acre, with the two varieties standing and mingled together, there being at the time of the commencement of the action fifty-six Early Imperials and one hundred and forty-three Alexanders. The court found: "That neither such mingling of said trees, nor the fact that some.of said trees were and are Early Alexanders, is any damage to plaintiff, nor makes the land on which said trees are standing, with the trees, of any less value than would be the value thereof were all said trees Early Imperials, and plaintiff has not suffered any damage thereby." While there was testimony tending to support the facts thus found, there was also evidence to the effect that the mingling of the different varieties, conceding them to be equally good, would, nevertheless, on account of the fruit ripening at different times, entail an increased cost of from twenty to twenty-five dollars per acre in the labor required in harvesting the crop of fruit, and that the value of plaintiff's orchard set solidly to either variety would be greater than where the two varieties were mingled. Inasmuch as there was a substantial conflict of evidence in support of this finding, it cannot be said there was an abuse of discretion on the part of the court in granting a new trial upon this ground alone, unless the finding be disregarded as immaterial. (*Curtiss* v. *Starr,* 85 Cal. 376, [24 Pac. 806]; *Von Schroeder* v. *Spreckels,* 147 Cal. 187, [81 Pac. 515]; *Cole* v. *Wilcox,* 99 Cal. 552, [34 Pac. 114].)

Among other things, the defendant pleaded the statute of frauds in bar of the action. His chief contention is that as the

court upon uncontradicted evidence found the agreement pursuant to which the trees were delivered to be oral, and made in August, 1905, and the trees were not to be delivered until January, 1907, it is therefore obnoxious to subdivision 1 of section 1624, Civil Code, which provides that "an agreement that by its terms is not to be performed within a year from the making thereof" is invalid unless there be some note or memorandum in writing thereof made and signed by the party to be charged thereby. Hence, it is contended that as the agreement was invalid, no recovery thereon could be had in any event, and it therefore follows that the finding upon the issue of damages is immaterial.

We cannot assent to this proposition. The statute of frauds is for the prevention, not in aid of the perpetration, of fraud. It is to be used as a shield, not as a sword. No doubt defendant might, without incurring liability, in an action upon the contract have refused to deliver the trees. He did not avail himself of this right, but, on the contrary, according to his own testimony, voluntarily assumed the obligations of the contract by delivering the trees to plaintiff. This delivery was made in January, 1907, pursuant to the contract made in August, 1905, under which and whereby the trees were to be grown from buds taken from the Frazier tree. Only a part of the trees so delivered were budded from the Frazier tree, the remainder being of a different variety. Plaintiff was not informed of this fact, and believed, and had a right to believe, that the trees so delivered were all of the variety which he had ordered and for which he paid pursuant to the terms of the agreement.

The statute does not apply to oral agreements voluntarily performed, and when thus performed there is a covenant of good faith and absence of fraud or deceit implied by law. This implied covenant is not within the statute. In the exercise of good faith and fair dealing defendant should have acquainted plaintiff with the fact that the trees delivered were not in accordance with the agreement.

The order granting the new trial is affirmed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 29, 1910, and a petition

to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1911, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing of this cause after final judgment in the district court of appeal for the second appellate district is denied.

Conceding that the contract made in 1905 was void because it was not to be performed within a year, nevertheless, if, more than a year thereafter, the defendant actually delivered the number of trees referred to in the contract, such delivery, without explanation, would be sufficient to support a conclusion that there was a new contract, made at that time, that the trees so delivered were of the kind originally agreed on, and the case would not be within the statute of frauds.

As we understand the opinion of the district court of appeal, this, in substance, is its effect. There was no occasion to say anything in that opinion concerning actual fraud, since none was shown.