[Civ. No. 983.  Third Appellate District.—September 17, 1912.]

ROBERT M. MILLS, Respondent, v. THOMAS J. JACK-
SON and EMMA H. JACKSON, Appellants.

REPLEVIN—AMENDMENT OF COMPLAINT BEFORE TRIAL—EXCLUSION OF
PROPERTY NOT OWNED—DISCRETION OF COURT—PURPOSES AND EF-
FECTS OF AMENDMENT.—Where the plaintiff in an action of replevin
discovers before trial that he is not entitled to all of the articles of
personal property sued for, it is a proper exercise of the discretion
of the court to permit an amendment to the complaint excluding there-
from the portion of the property to which he is not entitled.  The
purposes and effects of such amendment would be to promote the
determination of the cause upon its merits, and to invoke the judg-
ment of the court or jury upon the real issue between the parties.

ID.—ACTION AGAINST HUSBAND AND WIFE—EVIDENCE SHOWING EQUI-
TABLE ESTOPPEL OF WIFE—AMENDMENT TO CONFORM TO PROOFS.—
Where the complaint in replevin against a husband and wife was
framed on the theory that the property claimed was derived from
both of them, but the evidence showed that the wife was not an
actual vendor of the property, and that she persistently represented
to the purchaser that she had no interest in the property, and that
it belonged solely to her husband, and that she was equitably es-
topped to deny his ownership, it was within the discretion of the
court to permit an amendment of the complaint to state the facts
constituting such equitable estoppel, which may be pleaded in such
manner as to raise a conclusive presumption against her, under sub-
division 3 of section 1962 of the Code of Civil Procedure.

ID.—INDEFINITE SPECIFICATIONS OF ARTICLES IN MEMORANDUM—PAROL
EVIDENCE—NEGOTIATIONS—IDENTITY OF PROPERTY SOLD.—Where the
written memorandum is incomplete as to the property sold, parol
evidence is admissible to show the negotiations between the parties,
and to identify the property described in the complaint with that
intended to be sold, and actually sold.

ID.—PAYMENT OF PURCHASE MONEY—STATUTE OF FRAUDS NOT INVOLVED.
Since a part of the purchase money was paid at the time of the sale,
and afterward the balance, the statute of frauds as embodied in
section 1624 of the Civil Code is inapplicable.

ID.—PROPER ACTION OF COURT—VERDICT AND JUDGMENT JUSTIFIED—AB-
SENCE OF PREJUDICIAL ERROR.—It is held that the court properly
denied a motion for a nonsuit; that the verdict and final judgment
are legally justified, and that no prejudicial error appears in the
record.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

James F. Farraher, for Appellants.

J. M. O'Neill, and L. F. Coburn, for Respondent.

BURNETT, J.—The action was in replevin. It grew out of the purchase by plaintiff of certain real and personal property for the sum of $35,000. At the time of the agreement for the sale a memorandum was drawn up by Mr. Mills and signed by Mr. Jackson, as follows:

"March 8th, 1911, received of Robt. M. Mills $500, being part of the purchase price, for the ranch, known as the Arbaugh Ranch and the Arenburgh Ranch and also the ranch known as the French Ranch in McCloud or Squaw Valley ranch, containing in all 965 acres with all appurtenances, also all personal property on said ranches, live stock, hay and grain, farm and dairy implements, furniture, and &c.

"Except 14 head horses, 2 doz. chickens, and piano and parlor table and hall piece, one saddle and bridle.

"Consideration for the three above named ranches thirty-five thousand dollars to be cash payment."

The balance of the consideration was afterward paid by plaintiff but a dispute arose as to the articles of personal property covered by the agreement, and hence this suit. Before trial plaintiff was permitted to amend his complaint by excluding some of the personal property claimed therein and, after the evidence was in but before submission of the case, another amendment was allowed setting up an equitable estoppel against defendant Emma H. Jackson. The jury trying the case found the following verdict: "We, the jury impaneled to try the case wherein Robert M. Mills is plaintiff and Thomas J. Jackson and Emma H. Jackson are defendants, do find for the plaintiff and fix the value of the property mentioned in the complaint at the sum of $833, eight hundred and thirty-three dollars."

We deem unnecessary elaborate treatment of the points made by appellant, as the principles involved are elementary

and familiar. Neither do we feel called upon to set out the evidence, as it is known to the parties and can be of no particular importance to anyone else.

That it was within the discretion of the court to permit the plaintiff to file the said amendments to his complaint we entertain no doubt. The purpose was to promote the determination of the cause upon its merits with as little expense and trouble as possible, and the proceeding was clearly within the letter and the spirit of our reformed procedure. No reason is apparent why a party who brings an action and subsequently discovers that he is entitled to only a portion of that for which he sues should not be permitted by amendment to his complaint to invoke the judgment of the court or jury upon the real issue between the parties. It seems difficult to understand why he should be compelled to try the title to something to which he has found out before trial that he had no title and when he has concluded not to assert title to it. Of course, if defendants had been taken by surprise or put to additional expense, no doubt the court, upon a proper showing, might and would have imposed terms upon plaintiff, but no such case is presented. It is equally clear that, upon principle and authority, the court was justified in allowing an amendment to conform to the proof. The complaint was framed upon the theory that the property was sold to plaintiff by the defendants. There was evidence at the trial that defendant Emma H. Jackson was not an actual vendor, but that she represented to the purchaser that she had no interest in the property but that it belonged solely to her husband, defendant, Thomas J. Jackson. It was to meet this theory that the amendment was allowed. The equitable estoppel thereby pleaded was undoubtedly germane to the issue of ownership, which was before the jury for determination. Upon this branch of the case it is deemed sufficient to cite the following authorities: Sections 469 and 470, Code of Civil Procedure; *Hedstrom* v. *Union Trust Co.*, 7 Cal. App. 278, [94 Pac. 386]; *Jackson* v. *Jackson,* 94 Cal. 462, [29 Pac. 967]; *Firebaugh* v. *Burbank,* 121 Cal. 186, 193, [53 Pac. 560].

Appellants' claim that the equitable estoppel was not sufficiently pleaded is unwarranted. Plaintiff, following substantially the language of subdivision 3 of section 1962, Code of Civil Procedure, averred "that at the time of making such

purchase by the plaintiff as aforesaid, and prior thereto, during the negotiations that led up to said purchase, she deliberately led the plaintiff to believe that the said Thomas Jackson was the owner of said personal property. That she frequently told this plaintiff during such negotiations and at the time that said purchase was completed that she did not own any of said property, but that the said defendant Thomas J. Jackson did own the same and the whole thereof, and that the plaintiff did believe said statements of said defendant and did act upon them, and upon such belief, and acting upon such belief and statements, he did purchase such property as aforesaid." We find thus presented clearly all the elements of equitable estoppel, or an instance of what the code classifies as conclusive presumptions. (Code Civ. Proc., sec. 1962.) It appears that by her acts and declarations she deliberately and intentionally led plaintiff to believe that her husband was the owner of said property and to act upon said belief in its purchase. It would follow that she is estopped from denying said ownership.

The court did not err in allowing parol evidence of the negotiations between the parties. The effect of this was not to vary the terms of any written contract. It is apparent that the written memorandum received in evidence is quite incomplete as to the personal property. There was no attempt therein to enumerate or specify the articles definitely, and hence parol evidence was proper and necessary for their identification—in other words, for the purpose of showing that the personal property described in the complaint was identical with that intended to be and actually sold. (*Habenicht* v. *Lassik,* 77 Cal. 139, [19 Pac. 260].) Since Emma H. Jackson also participated in these negotiations, the evidence was admissible against her, since it is admitted that she did not sign said written instrument. This would be so, upon either theory, that she was a part owner, or that by her acts and declarations she was estopped from denying the ownership of her husband. Since a part of the purchase money was paid at the time of the sale and afterward the balance, she is in no position to urge, in opposition to this view, the statute of frauds as prescribed in section 1624 of the Civil Code.

The original complaint, as we have seen, alleged that plaintiff purchased the property "from the defendants." The

complaint was in this form when a motion for nonsuit was made by appellant, Emma H. Jackson. While the more plausible view of the case is that presented in the complaint as finally amended, there is found in the record substantial support for the action of the court in denying said motion. So it may be said as to the verdict of the jury and the final judgment that they are legally justified. Appellants criticise with considerable asperity the testimony of plaintiff, and it must be admitted that the transcript discloses some apparent inconsistencies and contradictions therein, but this was a matter solely for the consideration of the jury and trial court. After a reading of all the testimony it is sufficient for us to say that it affords legal support for the finding against appellants. The evidence as to the value of the personal property is indeed meager, but this feature of the case is unimportant in view of the fact that plaintiff, at the time of the trial, had the property in his possession, the evidence showing that he had taken it by auxiliary process as provided in section 509 et seq. of the Code of Civil Procedure.

There is some general criticism of the action of the court in the matter of instructions. We think, however, that the law was fully and fairly disclosed therein, and we can see no ground for appellants' complaint.

It is claimed that the jury should have found in favor of appellants for the return of the property included in the original but omitted from the amended complaint. No such verdict, however, was demanded in the amended answer, and therefore no issue was presented as to these articles. The reason why no such demand was made is probably because said property had been returned by plaintiff. It is stated by respondent in his brief, and not denied by appellants, that said property had been restored to defendants before the trial of the action. This being true, and the plaintiff having abandoned all claim to them, they were, of course, eliminated from further consideration. The situation in *Howell* v. *Foster,* 65 Cal. 169, [3 Pac. 647], was quite different, as is apparent from a reading of that case.

No other point is deemed of sufficient importance to merit specific attention.

We find no prejudicial error in the record, and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 16, 1912.

Beatty, C. J., dissented from the order denying a rehearing in the supreme court.