[Civ. No. 4778. Second Appellate District, Division Two.—December 2, 1927.]

ANGELUS LEASING COMPANY, Respondent, v. IVAN O. STEPHENS, Appellant.

Earl E. Moss for Appellant.

Geo. H. Shellenberger for Respondent.

STEPHENS, J., *pro tem.*— Defendant, the appellant herein, leased a store from plaintiff, the respondent herein. The lease contained a provision that it could not be assigned without the written consent of the lessor. The parties entered into an oral agreement whereby plaintiff permitted the assignment for a consideration which the trial court found to be $225. The written consent was given, and defendant refuses to pay any part of the consideration, resting his refusal upon the claim that the agreement is void under subdivision 5 of section 1624 of the Civil Code.

That this claim is without foundation is well answered by quoting from the opinion in the case of *Pearsall* v. *Henry,* 153 Cal. 314 [95 Pac. 159]: "When it is clearly and unequivocally made to appear that there has been a performance by a party on his part of an oral agreement required by the statute . . . to be in writing, under such circumstances as to make it inequitable to allow the other party receiving the benefit thereof to repudiate it on the ground that it was not in writing, he is estopped from doing so." To the same effect are the following cases, to which many others could be added: *McMenomy* v. *Talbot,* 84 Cal. 279 [23 Pac. 1099]; *Hefferman* v. *Davis,* 24 Cal. App. 295 [140 Pac. 716]; *Leavens* v. *Pinkham, etc.,* 164 Cal. 243 [128 Pac. 399]; *Bates* v. *Babcock,* 95 Cal. 479 [29 Am. St. Rep. 133, 16 L. R. A. (N. S.) 745, 30 Pac. 605]; *Mills* v. *Jackson,* 19 Cal. App. 695 [127 Pac. 655]; *Colon* v. *Tosetti,* 14 Cal. App. 693 [113 Pac. 365].

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.