AURELIE BUSQUE

*vs.*

NAPOLEON M. MARCOU
EXECUTOR OF WILL OF
JOSEPH BUSQUE, ALFRED BUSQUE, GASPARD BUSQUE
AND LAURA GOSSELIN

Kennebec.    Opinion, March 6, 1952.

*James L. Boyle,*
*Patricia Boyle Koons,* for plaintiff.

*Dubord & Dubord,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On report. The issues in this case may be stated briefly as follows: Aurelie Busque, the plaintiff, is the widow of Joseph Busque. Prior to their marriage, Joseph agreed with Aurelie that if she would marry him he would "execute a last will and testament nominating her as his executor and providing that on his decease his will would bequeath and devise to her all the estate he owned at the time of his decease." On the 21st day of June, 1943, Joseph made a will substantially complying with his agreement referring therein to Aurelie as his wife-to-be. Aurelie married him the next day. On April 17, 1946, Joseph, by a will of that date revoking all former wills, after a few small bequests, including one of articles of personalty to the defendant, Gaspard Busque, bequeathed and devised to Aurelie one undivided half of the residue of his estate, and to a brother and sister, the defendants Alfred Busque and Laura Gosselin, the remainder thereof in different fractions.

The widow, Aurelie, brought a bill in equity against the executor and beneficiaries of the will claiming that the new will was a fraud upon her, and that the executor, heirs, devisees and legatees claiming any interest in real and personal property under the will of April 17th (the second will) held the same in trust for her. The defendants filed an answer with demurrer and plea inserted therein. The plaintiff filed replications to the demurrer and to the plea.

The case came on for hearing before a Justice of the Supreme Judicial Court, sitting in equity, upon bill, demurrer, plea, answer and replications thereto. By agreement of the parties it was referred by the justice to this court on "the original bill with attached exhibits, the demurrer and plea filed by the defendants and the replications to the demurrer and to the plea filed by the plaintiff, with the stipu-

lations that if the demurrer is overruled and the plea is overruled, the bill may be sustained and decree entered below in accordance with the prayers contained in the bill, otherwise such order to issue by the Law Court as the pleadings in the case may require."

The plea alleged:

"That neither the contract which is set forth in the Plaintiff's Bill and which she thereby seeks to enforce, nor any memorandum or note thereof was ever reduced to writing or signed by the party to be charged therewith or any person thereunto lawfully authorized within the meaning of Paragraphs III and VII of Section 1, Chapter 106, Revised Statutes 1944, State of Maine, for the prevention of frauds and perjuries."

To this plea the plaintiff filed the following replication:

"The plaintiff, in answer to defendants' plea in bar, that no memorandum or note was ever reduced to writing or signed by the party to be charged therewith, admits that there was no note or memorandum thereon given by Joseph Busque to the said Aurelie Busque, other than the will executed in favor of Aurelie Busque by Joseph Busque dated June 21, 1943, which appears as 'Exhibit A' as part of the original bill and thereto the plaintiff replies that (a) said will appearing as described in the bill followed by the marriage of the parties and by plaintiff otherwise complying with her promise as alleged made a completed transaction not within the Statute of Frauds, and (b) that the Statute of Frauds does not and never was intended to apply in a case based on facts as described in plaintiff's bill, and (c) that in pleading the Statute of Frauds in such a case based on marriage, the pleading of such statute and the invocation thereof in such a case in equity as described in plaintiff's bill would allow said statute to shield a fraud."

R. S., c. 106, § 1, as amended by P. L., 1947, c. 185, reads in part as follows:

"No action shall be maintained in any of the following cases: * * *

**III.** To charge any person upon an agreement made in consideration of marriage; * * *

**VII.** Upon any agreement to give, bequeath or devise by will to another, any property, real, personal, or mixed; * * *

unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized; but the consideration thereof need not be expressed therein, and may be proved otherwise."

These same provisions of the statute were in effect at the time of the making of the alleged contract and the marriage.

The contract which is the foundation of the plaintiff's claim was an oral one. It was not only a contract to give, bequeath and devise property to another but it was also an agreement made in consideration of marriage. Either of these factors is sufficient to require as a condition to enforcibility by action that the contract or agreement or some memorandum or note thereof be in writing and signed by the party to be charged therewith in accord with the foregoing provisions of the statute of frauds.

The plaintiff claims, however, that *the will* executed by the testator prior to the marriage and subsequent to the agreement constitutes a sufficient note or memorandum to satisfy the requirement of the statute of frauds and to remove the bar of paragraphs III and VII thereof. This will does not have such effect. It neither refers to nor does it even intimate the existence of the agreement to make or execute the will. There is nothing in the will from which either the existence of the agreement to execute the will or the terms of such an agreement can be inferred. Without passing upon the question of whether a will may be so drawn as to constitute a note or memorandum of a contract

as required by paragraph III and VII of the statute of frauds, the will here under consideration is neither a note or memorandum of the agreement sufficient to satisfy the requirements of the statute. This is true whether one is considering either paragraph III or paragraph VII *supra*.

This court has not been called upon to determine under what circumstances, if any, a will executed in pursuance of a contract to make a will in consideration of marriage will satisfy the foregoing requirements of the statute of frauds and constitute a memorandum or note of the contract.

General principles as to the requirements of a sufficient memorandum under the statute of frauds have been enunciated by this court and are conclusive against giving such effect to the particular will here in question. We held in *O'Donnell* v. *Leeman*, 43 Me. 158 that the memorandum must show within itself or by reference to some other paper all the material conditions of the contract. We further held in *Jenness* v. *Mount Hope Iron Company*, 53 Me. 20 that the memorandum must establish the contract plainly in all its terms or it will not be sufficient; and that it can receive no aid from parol evidence. To the same effect is *Williams* v. *Robinson*, 73 Me. 186, especially at 195, and *Kingsley* v. *Siebrecht*, 92 Me. 23 at 27.

These same principles are recognized and enunciated in 49 Am. Jur. Page 636, § 322, where it is said:

> "A memorandum sufficient to satisfy the requirement of the statute of frauds must be complete in itself as to the parties charged with liability thereunder and the essential terms of the contract. The memorandum cannot rest partly in writing and partly in parol; that is to say, a deficiency in the memorandum cannot be supplied by parol evidence."

The application of the foregoing principles to the will here in question, which is a simple devise and bequest of

property to the plaintiff making no reference to any agreement between the parties with respect to the execution of the will or that the same is made in pursuance of any agreement whatever clearly demonstrates that this will is not a sufficient note or memorandum to satisfy the requirements of the statute of frauds, with respect to the contract here under consideration. *Brought v. Howard,* 30 Ariz. 522, 249 Pac. 76, 48 A. L. R. 1347, is a case directly in point.

Other cases hold that a will which fails to refer to or show a connection with the agreement or bargain in question is an insufficient memorandum under the statute of frauds. *Baker* v. *Bouchard,* 10 Pac. (2nd) (Cal.) 468, 122 Cal. App. 708; *Holsz* v. *Stephen,* 362 Ill. 527, 200 N. E. 601, 106 A. L. R. 737; *Gibson et al.* v. *Crawford,* 56 S. W. (2nd) (Ky.) 985, 247 Ky. 228; *Southern* v. *Kittredge,* 85 N. H. 307, 158 Atl. 132; *Hathaway* v. *Jones,* 194 N. E. 37, 48 Ohio App. 447; *White* v. *McKnight,* 146 S. C. 59, 143 S. E. 552, 59 A. L. R. 1297; *Upson* v. *Fitzgerald,* 103 S. W. (2nd) (Tex.) 147, 149; *Canada* v. *Ihmsen,* 240 Pac. 927, 33 Wyo. 439; 43 A. L. R. 1010. To multiply authorities would serve no useful purpose. As was well said by the Arizona court in *Brought* v. *Howard, supra:*

> "A potential factor in furtherance of fraud would be engendered were a will containing a simple bequest permitted to operate as evidence of a binding contract to make such a bequest. It must therefore be held that there is no written memorandum of the agreement here in suit."

It must be remembered that in this case the defendants have invoked not only one but two separate and distinct provisions of the statute of frauds, to wit, paragraphs III and VII *supra.* Each and both of these provisions of the statute are applicable to the contract here in question.

While it is true that equity will under some circumstances. grant relief to one who has fully or partially performed a

contract which is unenforcible because it does not comply with the requirements of the statute of frauds, it does so only upon certain well recognized and established equitable principles. Relief because of the partial or full performance of the contract is usually granted in equity on the ground that the party who has so performed, has been induced by the other party to irretrievably change his position and that to refuse relief according to the terms of the contract would otherwise amount to a fraud upon his rights.

In the case of a verbal contract made in consideration of marriage, however, the marriage alone, even though it is an irretrievable change of position, is not a part performance upon which equitable relief can be based. This rule which is firmly established, is based upon the express language of the statute. The marriage adds nothing to the very circumstance described by the statutory provision which makes the writing essential. Unlike the other paragraphs of Section 1 of the statute of frauds, in paragraph III it is the consideration of the contract which brings it within the statute, not the nature of the promise made. To say that in the case of an oral contract made in consideration of marriage the bar of the statute is removed, even in equity, by the marriage itself would destroy the statute and make it meaningless.

A very full annotation on this subject is found in 48 A. L. R. 1356 and contains decisions from twenty states and from the English courts sustaining this view. In accord with the overwhelming weight of authority, which is sustained by sound reasoning and irrefutable logic, we hold that marriage alone pursuant to an oral contract in consideration thereof is insufficient either at law or in equity to remove the bar to the enforcement of such contract which is imposed by Section 1, Paragraph III of the statute of frauds. Nor did the execution of the first will by Joseph constitute such a partial performance of the contract as

would in equity remove the bar of the statute of frauds. Part performance to operate as a bar to the application of the statute of frauds must be part performance on the part of one seeking to charge the other party under the contract, not part performance on the part of the one whom it is sought to charge. As said in the English case of *Caton* v. *Caton,* 1865, L. R. 1 Ch. Eng. 137, affirmed in 1867, L. R. 2 H. L. 127, 6 Eng. Rul. Cas. 256:

> "The preparing and executing of the will cause no alteration in the position of the lady, and I presume it will not be argued that any consequence can be attached to acts of part performance by the party sought to be charged."

The plaintiff claims, however, that this case is that of a wholly executed contract. She says that subsequent to entering into the oral contract, the decedent fully performed his part of the contract by executing a will in accord with the terms thereof and that she performed her part of the contract by entering into the marriage. She further claims that the statute of frauds has no application to contracts which have been fully executed by both parties.

Although it is true that an oral executory contract which fails to comply with the requirements of the statute of frauds is unenforcible, it is equally true that when the contract has been fully executed it cannot be abrogated for that reason. The position of the plaintiff that the making of the first will by Joseph pursuant to his oral contract so to do, which contract was entered into in consideration of marriage, constituted full performance on his part is not tenable. Mere execution of a will is not full performance on the part of the promisor in such a contract. A will is ambulatory in its nature and may be revoked at any time prior to death. Full performance of the contract on the part of the promisor requires not only the making of the will but also that the will be allowed to remain in force until his death. Whether this condition be the subject of an ex-

press promise contained in the oral contract or be implied from the oral promise to make a will in favor of the promisee is immaterial and can make no difference in the result. In either event the promise, be it express or implied, forms a part of the contract and it is made in consideration of marriage, and it cannot be enforced unless the contract or some memorandum thereof is in writing and signed by the promisor. The cases of *Brought* v. *Howard, supra, Zellner* v. *Wassman,* 184 Cal. 80, 193 Pac. 84, *Hughes* v. *Hughes,* 49 Cal. App. 206, 193 Pac. 144, *Luders* v. *Security Trust and Savings Bank et al.,* 9 Pac. (2nd) (Cal. App.) 271, and *Caton* v. *Caton, supra,* are all cases in which it was held that the fact that a will was executed in accordance with an oral contract made in consideration of marriage did not prevent subsequent revocation thereof by the testator. This same principle was also recognized in *O'Brien* v. *O'Brien,* 197 Cal. 577, 241 Pac. 861. As said in *Caton* v. *Caton, supra:*

> "As a will is necessarily, until the last moment of life, revocable, a contract to make any specified bequest, even when a will having that effect has been duly prepared and executed, is in truth a contract of a negative nature,—a contract not to vary what has been so prepared and executed. I do not see how there can be part performance of such a contract."

In *Zellner* v. *Wassman,* 184 Cal. 80, 193 Pac. 84, 87, the Supreme Court of California said:

> "Nor does this case fall within the rule that the statute of frauds cannot be invoked in case of a completed oral contract (Schultze v. Noble, 77 Cal. 79, 19 Pac. 182; Colon v. Tossetti, 14 Cal. App., 693, 113 Pac. 365, 366), for the contract now sued upon was not completed. The reason that the contract is now in court is because the decedent did not perform his part of the alleged agreement by causing to be in existence at the time of his death a will bequeathing $5,000 to the plaintiff. The mere execu-

tion of a will was not a performance of the contract."

Somewhat analogous to the foregoing cases is the case of *Anglemire* v. *Policemen's Benev. Assn. of Chicago*, 301 Ill. App. 277, 22 N. E. (2nd) 713. In that case the deceased prior to marriage orally promised the plaintiff that if she would marry him he would surrender a benefit certificate in the defendant association and procure a new one in her favor. After the marriage he did procure a new certificate naming her as beneficiary and delivered the same to her. Later, in accord with the terms of the by-laws of the association, he procured a new certificate with other beneficiaries. The court below held, "that the above agreement between appellee and the insured upon the subsequent marriage and change of beneficiary became an executed contract; that he was estopped from later changing the same;". The appellate court *reversed this decision on the ground that the contract was within the statute of frauds.*

The cases cited by the plaintiff as holding that the execution of a will in accord with an oral promise so to do in consideration of marriage constitutes full performance by the promisor, to wit, *Adams* v. *Swift*, 169 App. Div. N. Y. 802, 155 N. Y. Supp. 873, and *Brown* v. *Webster et al.*, 90 Neb. 591, 134 N. W. 185, fail to take into consideration the real nature of a contract to dispose of property by will and that there is an inherent promise contained in such contracts that the will will remain and be in force until death of the promisor. It is further to be noted that the New York case is a case decided by the Supreme Court of New York and not by the Court of Appeals. Another case which has been cited elsewhere as holding that the execution of the will was a part performance of the contract such as would take the contract out of the statute of frauds, *Lowe* v. *Bryant*, 30 Ga. 528, 76 Am. Dec. 673, although not specifically mentioned therein, would seem to have been overruled by *Hammond* v. *Hammond*, 135 Ga. 768, 70 S. E. 588.

We hold that enforcement of the contract in question is barred by the statute of frauds; that this defense was sufficiently set up by plea; that the replication to the plea does not set forth sufficient facts to destroy the efficacy of the plea. The plea must be sustained. It is unnecessary for us to consider the sufficiency of the bill or the sustainability of the demurrer. By the terms of the report if the plea is sustained, the Law Court is to issue such order as the pleadings in the case may require. The plea being sustained and the facts set forth therein being an absolute bar to the maintenance of the bill, it is ordered that the bill be dismissed.

*Plea sustained*
*Bill dismissed.*