ERVIN, J.
The parties have raised numerous issues on appeal and cross-appeal. We affirm as to all issues except the trial court’s classification of alimony as “lump sum” and the award of attorney’s fees.
The trial court awarded appel-lee/cross-appellant, Dawn Nichols Morgan, the former wife, $279,000 payable in monthly installments of $1,500 for a term of 15jé years as “lump-sum alimony.” Although we hold that the court did not abuse its discretion by awarding $1,500 per month, we conclude that the court did abuse its discretion by designating the alimony as lump sum.
The lump-sum award was clearly intended as a means to provide support to the former wife, rather than to distribute equitably the parties’ marital assets, as the court made other provisions in the final judgment to accomplish the latter purpose. Nevertheless, neither the court nor the record indicates any special circumstances that warrant awarding support in a lump sum, rather than in permanent, periodic payments. See Glazner v. Glazner, 698 So.2d 650, 652 (Fla. 5th DCA 1997) (stating that if support is needed, there must also be “unusual circumstances” which require a nonmodifiable award of lump-sum alimony); Young v. Young, 677 So.2d 1301, 1304 (Fla. 5th DCA 1996) (“[A]n award of lump sum alimony for support of a spouse is to be made only when unusual circumstances exist which would require a nonmodifiable award of support.”). We therefore reverse the final judgment of dissolution to the extent it classifies the award as “lump-sum alimony” and remand with directions to reclassify the $1,500 monthly award as permanent, periodic alimony. See Marshall v. Marshall, 445 So.2d 706 (Fla. 4th DCA 1984) (approving the amount of alimony, but redesignating lump-sum alimony as permanent, periodic alimony).
We also reverse the trial court’s award of $9,500 in attorney’s fees to the former wife’s attorney. The parties agreed at the final hearing that the issue of attorney’s fees would be submitted by affidavit, and the trial court abused its discretion by awarding fees prior to the submission of affidavits and other evidence. See Kersey v. Kersey, 802 So.2d 523 (Fla. 1st DCA 2001) (reversing order denying attorney’s fees, because parties had stipulated to reserve the issue for consideration subsequent to the final hearing).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BARFIELD and LEWIS, JJ., concur.