## Phillips, et al. v. Murphy and Gary.

(Decided Februry 3, 1920)

### Appeal from Muhlenberg Circuit Court.

1. Deeds—Not Subject to Attack Because of Existence of Will.— Where by an oral compact between two aged unmarried sisters residing upon land owned by one of them, which adjoined land owned by the other, they mutually agreed to jointly use and enjoy the two tracts as if they were common property, and that each would make a will devising to the other an estate for life in her land, with remainder in fee to the children of a brother; the due execution of a will by each of the sisters in pursuance of such oral agreement, did not affect the validity of a sale and conveyance subsequently made by one of them of her land to a third party. Consequently, it was not error for the chancellor to adjudge, in an action to set aside the deed to the purchaser of the land brought by the devisees in remainder under the will, after the death of the grantor and the probating of her will, that the conveyance was not subject to attack because of the existence of the will at the time it was made, although that instrument had been executed in pursuance of the previous oral agreement between the sisters.

2. Wills—Void as to Property Not Owned by Testatrix at Death.—As the will of the testatrix did not take effect until her death, any devise it may have made of real estate which, though owned by her at the time of its execution, she did not own at the time of her death, was void.

3. Deeds—Action to Set Aside—Mental Capacity—Finding of Chancellor.—Where a deed is attacked on the ground that the grantor was without sufficient mental capacity to make the conveyance, or that it was obtained by fraud on the part of the grantee; and the evidence relating to these issues is, as appears from the record on this appeal, so conflicting as to leave the Court of Appeals in doubt respecting the truth of the matter, its rule is not to disturb the chancellor's findings of fact, which, in this case, were to the

effect that neither want of capacity in the grantor nor fraud on the part of the grantee was established by the evidence.

4. Deeds—Action to Set Aside—Dismissal of Petition Not Error.— Where, as in this case, the grantee in the deed from the testatrix of the will had sold and by deed conveyed the land to another, who by answer as a defendant in the action of the remaindermen, denied all knowledge of the facts alleged in the petition as constituting the grounds of attack upon the first deed, and averred his good faith in purchasing the land of the grantee therein; to authorize the setting aside of the deed to the second grantee, it was necessary for the plaintiffs to establish by the evidence; (1) that the first deed was obtained by fraud, or that the grantor therein was not competent to make it; (2) that such fraud or incompetence was known to the grantee in the second deed when he purchased the land, or that he was at that time in possession of such facts as upon reasonable inquiry would have informed him of the vice in the first deed. As the evidence bearing on the first of these issues was conflicting, and there was no material evidence on the second, the dismissal of the plaintiffs' petition was not error.

HUBERT MEREDITH for appellants.

T. J. SPARKS and BELCHER & BELCHER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

It appears from the averments of the petition in this case that Sarah E. Lile and Mary J. Lile, elderly unmarried sisters, each owned a parcel of land in Muhlenberg county, that of the former containing 72 acres, that of the latter 58 acres, which they obtained by devise or inheritance through the death of Mark Lile, a bachelor brother. The tracts adjoined and as the 58 acre tract of Mary J. Lile contained no buildings and the 72 acre tract of Sarah E. Lile the dwelling house and other buildings which had been occupied by the former owner of both parcels of land, the sisters both resided practically the remainder of their respective lives on the 72 acre tract, obtaining a joint support from the two tracts and sharing in common the rents and profits derived from their cultivation. While thus residing together each of the sisters executed a will. By that of Sarah E. Lile the 72 acres of land, of which she was the owner, was devised to her sister, Mary J. Lile, for life with remainder in fee simple, at her death, to the children of their brother, Thomas J. Lile. By the will of Mary J. Lile, the 58 acres of land owned by her was devised to her sister, Sarah

E. Lile, for life with remainder in fee simple, at her death, to the children of their brother, Joe M. Lile.

The wills bear date August 12, 1896. Sarah E. Lile died in 1912. Mary J. Lile in 1913, and the will of each was admitted to probate by the Muhlenberg county court shortly after her death. It turned out however that neither testatrix at the time of her death had title to the land devised by her will; the 72 acre tract of Sarah E. Lile having by deed executed in 1909 been conveyed by her to Willie Lile, a great nephew; and the 58 acre tract of Mary J. Lile sold and, by deed of January 25, 1909, conveyed by her to one Jesse Murphy, who, by deed of December 24, 1910, sold and conveyed it to Will Gary.

This action was brought in the court below December 31, 1913, by the appellants, Lucy Phillips and others, children of Joe M. Lile, against the appellees, Jesse Murphy and Will Gary, setting up claim of title as remaindermen under the will of Mary J. Lile to the 58 acre tract of land conveyed by her to Murphy and by the latter to Gary and attacking the deeds as void on the grounds: (1) That as by virtue of an alleged parol agreement between the sisters they lived together and enjoyed the use of their lands in common while both lived, in consideration of the execution by each of a will devising her land to the other for life, with remainder to the children of the brother named in her will, such agreement put it out of the power of either to sell or by deed convey her part of the land, the one to Willie Lile and the other to the appellee, Jesse Murphy, as attempted; (2) that the grantors were mentally incapable of understanding the transactions involved in the execution of the deeds made by them, respectively; and that the deed from Mary J. Lile to the appellee, Murphy, was obtained by fraud and coercion practiced by him upon the grantor, in which he was assisted by Willie Lile and J. Lile, his father; which alleged fraud and coercion it was further averred also rendered void the deed from the appellee, Murphy, conveying the same land to the appellee, Gary. It does not appear from the record before us whether or not the remaindermen under the will of Sarah E. Lile have sued to set aside the deed from her to Willie Lile.

The appellees answered separately traversing the averments of the petition, and that of the appellee, Gary, alleging his good faith in the purchase of the land and acceptance of the deed from Murphy and denying knowl-

edge or means of information on his part of any mental incapacity on the part of Murphy's grantor to make the deed, or of any fraud or coercion practiced by Murphy in his purchase of the land or procurement of the deed to same. The affirmative matter of each answer was controverted by reply. On the submission of the case the circuit court rendered judgment dismissing the petition at appellants' cost, and they have appealed.

Appellants' first ground of attack upon the deed from Mary J. Lile to the appellee, Murphy, was insufficient to authorize its cancellation; and no claim is made by their counsel that authority can be found to support the contention. The alleged agreement between the sisters to reside, while both lived, upon and enjoy their lands in common and each dispose of her own land by will as planned in such agreement, was given no legal efficacy by the execution then, or later, of a will by each as agreed. The agreement, not being in writing, was clearly within the statute of frauds. It could not have prevented the parties thereto from revoking the wills made by them, respectively, though they were executed to carry out the agreement; nor did the existence of the wills interfere with the legal right of the makers of them to sell and by deed convey the lands that, but for their previous sale and conveyance, would have been disposed of under the devises declared by the will. A will speaks from the death of the testator and it cannot operate to dispose of property, though mentioned in and attempted to be devised by its provisions, of which the testator was not the owner at the time of his death.

Appellants' second ground of attack upon the deed from Mary J. Lile to the appellee, Murphy, is, as we have seen, bottomed upon the theory that the grantor was mentally incompetent and that she was induced to execute it by the fraud of the grantee assisted by J. Lile and Willie Lile. We do not think the mental incapacity of the grantor is well established by the evidence. Quite a number of witnesses, one of them a physician, whose depositions were taken by appellants, testified that she was of weak mind and by reason thereof wholly incapacitated to understandingly sell a tract of land or execute a deed. But on the other hand substantially an equal number of witnesses, including two physicians, whose depositions were taken for appellees, testified that while Mary J. Lile was old, illiterate and possessed of

little experience in business affairs, they regarded her a woman of sufficient mind to enter into an ordinary business transaction, to know the value of land and understand her rights in the matter of making a sale of her land and a conveyance of it by deed. It does, however, appear from the evidence that both Mary J. Lile and Sarah E. Lile had great confidence in their nephew, J. Lile, who lived with them, managed their property and attended to their business many years. Indeed, it appears that the sale of Mary J. Lile's land to the appellee, Murphy, resulted from 'an indebtedness, originally $600.00 of J. Lile to him evidenced by a note, which, together wit han additional loan of $600.00 to him from Murphy, making altogether $1,200.00, the aunts, Mary J. Lile and Sarah E. Lile, assumed to pay at J. Lile's request, and to secure its payment gave to Murphy a mortgage covering both the 72 and 58 acre tracts of land.

The $1,200.00 note, after running until, with the accrued interest, it amounted to about $1,700.00, was credited by the proceeds of timber sold by Murphy from the land of Mary J. Lile with her consent, and the balance thereafter paid in full by the sale and conveyance to Murphy of the 58 acre tract of land by Mary J. Lile. When so discharged the balance due on the note, principal and interest amounted to something over $900.00; and this sum, according to the testimony of Murphy with $425.00 paid by him to Willie and J. Lile, $200.00 of it to be used by Willie in the purchase of a pair of mules and the remainder to J. Lile to be applied to the needs of Mary J. Lile, making altogether $1,300.00, constituted the consideration for the 58 acres of land conveyed Murphy by her.

It is insisted for appellants that Mary J. Lile was not credited upon the $1,200.00 note with the full proceeds of timber sold from her land. According to the testimony of Murphy, corroborated by one other witness, the note was given credit for $1,000.00 as the proceeds of the timber which, except $175.00 he claimed to have paid Mary J. Lile, was all that was received for the timber. We do not find that Murphy's testimony is contradicted as to this matter, save by that of Willie Lile, which was to the effect that the note was not credited by all the timber money and that only $150.00 of it was paid Mary J. Lile; but he did not know or state what sum was realized from the sale of the timber.

He further contradicted the testimony of Murphy as to the disposition made of the money paid by the latter to himself and father when he received from Mary J. Lile the deed to the land; for as to this matter Willie testified that no part of the money then paid them was for the use of Mary J. Lile, but the whole of it was paid to compensate them for their services in procuring of her the deed for Murphy. J. Lile's deposition was not taken though repeated attempts were made to obtain it. We think the adequateness of the consideration for the sale and conveyance of the land is fairly shown by the evidence, but the blood relationship of J. and Willie Lile to Mary J. Lile, her confidence in them, their influence over her and the part they admittedly took in the sale and conveyance of her land, give color to the appellants' claim of fraud in the transaction; and if Willie Lile's testimony should be accepted as against that of Murphy and his corroborating witnesses, it would be strongly persuasive of fraud in the conveyance charged. On the other hand if Murphy and his witnesses are to be believed, it was free of fraud.

However, if fraud on the part of Murphy in obtaining the conveyance were conceded, or the mental incapacity of the grantor at the time of the conveyance had been shown, such fraud or incapacity would not affect the good faith of the appellee, Gary, as purchaser of the land from Murphy, or the validity of the deed conveying him the land made by the latter; for the evidence fails to show that he at the time of the conveyance to him had any knowledge of such fraud or incapacity, or was in possession of such facts as should have put him upon inquiry as to either. Moreover, although the death of Mary J. Lile did not occur for more than a year after the land was conveyed Gary, no complaint was ever made to him by her, or for her, of fraud in the purchase of the land from her by Murphy or its sale by him to Gary. Under these facts his right to retain the land cannot be questioned. Hall v. Bollen, 148 Ky. 20; Johnson's Committee v. Mitchell, 146 Ky. 382.

As to the question of Mary J. Lile's alleged want of capacity, the rule in this state is that the deed of a person of unsound mind is not void, but voidable. Wathen v. Skaggs, 161 Ky. 600; Breckinridge v. Ormsby, 1 J. J. Mar. 236; Johnson's Committee v. Mitchell, 146 Ky. 382; Logan v. Van Arsdall, 27 R. 822; Dowell v. Dowell, 137

Ky. 167. As said in Bevins v. Lowe, 159 Ky. 439: "To overcome the presumption that the grantor of lands is possessed of sufficient mental capacity to give effect to his conveyance, there must be more than a mere equilibrium of testimony. A requirement of this rule the plaintiffs have failed to meet. The burden of proof was upon them; they have failed to sustain it." This may also be said of the appellants in this case, and, furthermore, as already stated, if such incapacity on the part of Murphy's grantor, as claimed, had been proved in this case, it could not have rendered invalid the conveyance made by him to Gary, an innocent purchaser of the land.

On the whole case we find no error in the judgment of the circuit court, hence it is affirmed.