TROUTMAN, Appellant, v. BOCK, et al, Respondent

(295 N. W. 637.)

(File No. 8373. Opinion filed January 6, 1941.)

**Francis J. Parker,** of Deadwood, and **John R. Russell,** of West Los Angeles, Cal., for Appellant.

**Clarence P. Cooper,** of Deadwood, for Respondents.

SMITH, P.J. A judgment was entered specifically enforcing a contract to will property to plaintiff. Thereafter an order was made setting the judgment aside and granting a new trial. The appeal is from that order.

Our review of the record is undertaken in the light of the fact that the motion for new trial was heard by one who did not preside at the trial, and that therefore the judge who heard the motion was not vested with a discretion in the premises. Sands v. Cruikshank et al., 15 S. D. 142, 87 N. W. 589; Tyler et al. v. Haggart, 19 S. D. 167, 102 N. W. 682; Lavin v. Kreger, 20 S. D. 80, 104 N. W. 909; 4 C. J. 832; 5 C.J.S., Appeal and Error, § 1619.

Insufficiency of the evidence to establish the existence and terms of the alleged oral contract was assigned by the court as one of the reasons for granting a new trial. The conclusions we have reached with reference to that issue render unnecessary any further consideration of the grounds upon which the court acted.

The deceased, Eugene A. Bock, and plaintiff had been husband and wife. The real property involved in this action was acquired during their married life. In November, 1926, plaintiff secured a divorce from the deceased. She alleges, and seeks to establish in the present action, that she and Mr. Bock entered into an oral agreement, in connection with the above described divorce proceeding, by the terms of which he agreed to will her all of his property. The evidence supports the finding that he did make a will at or about the time of the divorce proceeding, by which he devised and bequeathed her all of his property. The will

found to have been made was not delivered to her and it made no mention of the alleged agreement. The decree in the divorce proceeding recited "that the parties hereto have heretofore fully settled and adjusted their property rights." Bock lived until December, 1932. In the meantime plaintiff had remarried. After Bock's death, plaintiff was unable to find a will of the deceased, and brought this action seeking specific performance of the alleged agreement. The court found that such an agreement had been made and decreed specific performance.

The only testimony in the record tending to establish the terms of the alleged oral agreement is that of the attorney who represented plaintiff in the divorce action. This witness testified that deceased and plaintiff came to his office together and that while there the following conversation was had:

"I said, 'Have you folks—what do you wish to do about your property, have you made any settlement?' I said 'If not—it should be entered in the decree that you have made some agreement or some settlement relative to your property.' And they said 'We have settled all that'. Then I said to Mr. Bock 'In what way have you settled? The Court will be interested in knowing.' And he said 'Well,' he said 'I have given all to her.' Either he said 'I have willed' or 'I am going to will all of my property to Mrs. Bock'. But I am quite sure that he said 'I have willed it all to her'. And there was some more conversation had between them and between myself in which they stated that they had taken out life insurance policies, mutual life insurance policies you might say, in favor of each other."

If it be conceded that this testimony, weak and unsatisfactory as it is, permits an inference that the parties made some sort of an oral agreement, and that the agreement so made embraced a promise on the part of deceased to will all of his property to plaintiff, it does not follow that it is sufficient to warrant a court in decreeing specific performance.

■ Whether an agreement should be specifically enforced cannot be known until all of its material terms and conditions have been clearly and satisfactorily established. Steensland v. Noel, 28 S. D. 522, 134 N. W. 207; Pomeroy's Specific Performance of Contracts, 3d Ed., § 159.

It is not clear from this testimony we have set forth that deceased was purporting to do more than to inform counsel of the fact that an agreement had been made, and to indicate generally some of its terms. Whether it embraced other promises on the part of plaintiff, and whether those promises have been performed, and whether it contained a condition dealing with remarriage, does not appear.

This court had occasion to treat with a somewhat similar situation in Beveridge v. Bailey et al., 53 S. D. 98, 220 N. W. 462, 464, 60 A.L.R. 619. In that case, speaking of a contract to make a will, we said "* * * such contracts are not favored, and the courts generally hold that they must be clearly shown in order to be enforceable," and we quoted with approval the language from Canada v. Ihmsen et al., 33 Wyo. 439, 240 P. 927, 930, 43 A.L.R. 1010, as follows: "It is not impossible, or even improbable, that some conditions were attached to the contract. * * * the mere agreement to execute a will was not an agreement not to revoke it."

■ We conclude that the evidence was insufficient to clearly and satisfactorily prove the material terms of the alleged oral agreement, and that therefore the learned trial court did not err in granting a new trial.

The order of the trial court is affirmed.

All the Judges concur.