FIRST NATIONAL BANK OF NEVADA, A CORPORATION, AS ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF GENEVA OPAL FRIEDNASH, DECEASED; OLIVE LOUISE RICKS, THELMA PEARL IMAS, WILMER P. ADAMS, ROBERT STEWART ADAMS, JAMES WILMER ADAMS, JOHN H. ADAMS, AND CARRIE ADAMS, AS DEVISEES UNDER THE WILL OF GENEVA OPAL FRIEDNASH, DECEASED, APPELLANTS, v. HYMAN FRIEDNASH, RESPONDENT.

No. 3921

October 11, 1956.                    302 P.2d 281.

*McNamee & McNamee* and *G. William Coulthard,* of Las Vegas, for Appellants.

*George E. Marshall* and *Benjamin T. Weinstein,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an action brought by respondent, as plaintiff below, to enforce the terms of an alleged contract between himself and his deceased wife, whereby, it is claimed, each agreed upon death to leave all property to the survivor. The appellants, defendants below, are the executor of the will of respondent's deceased wife and the beneficiaries under that will. The trial court found a binding contract to exist as alleged by respondent and impressed a trust upon the estate in his favor. From that judgment this appeal is taken.

On July 28, 1949 respondent and his wife, each being possessed of a separate estate, executed the following instrument: "We the undersigned, Hyman Friednash and Geneva Friednash, being of sound mind, make this

letter in the form of a Will in case of the death of either one of us. In the case of the death of Hyman Friednash then I, Hyman Friednash leave everything I own to Geneva Friednash. In the case of the death of Geneva Friednash then I, Geneva Friednash leave everything I own to Hyman Friednash. Should anyone make a claim against this Will other than Hyman Friednash and Geneva Friednash, if they are friends or relatives, then they are to receive Ten Dollars only. This is only to satisfy their claim and for no other reason. This letter and Will is made out in good faith and for the protection of both of us." Subsequently the wife executed the instrument which was ultimately admitted to probate as her last will.

The court below, over objection of appellants, admitted testimony relative to a conversation between the parties at the time of their execution of the first instrument. From that testimony and from the language of the instrument itself the trial court concluded that an irrevocable agreement between the parties had been reached to the effect that all property of the first to die would go to the survivor.

Contracts to devise property in a certain manner are enforceable. Waters v. Harper, 69 Nev. 315, 250 P.2d 915; Barringer v. Ray, 72 Nev. 172, 298 P.2d 933. It is necessary, however, that such a contract be definite, clear and unequivocal. See annotation 168 A.L.R. 30. The question upon this appeal is whether such a contract has been established.

Testimony tending to establish an oral agreement cannot be considered. The estate left by the decedent included both real and personal property. An agreement to leave such an estate in a certain manner amounts to a contract to devise real property. Turnipseed v. Sirrine, 57 S.C. 559, 35 S.E. 757, 1035, 76 Am.St.Rep. 580. A contract to devise real property falls within the statute

of frauds as a contract for sale of lands. Gibson v. Crawford, 247 Ky. 228, 56 S.W.2d 985; Gould v. Mansfield, 103 Mass. 408, 4 Am.Rep. 573; Hale v. Hale, 90 Va. 728, 19 S.E. 739; Rogers v. Joughin, 152 Wash. 448, 277 P. 988; Canada v. Ihmsen, 33 Wyo. 439, 240 P. 927, 43 A.L.R. 1010; 2 Williston on Contracts, Revised Edition, 1404, sec. 488; Restatement of the Law, Contracts, sec. 193; Anno. 102 Am.St.Rep. 240, sec. VIIIa. Our statute of frauds provides: (sec. 1529 N.C.L. 1929) "Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made."

We are then left with the instrument itself. Upon its face it does not purport to be a contract but a jointly executed reciprocal will. The expressions and provisions are not contractual but are testamentary. As a will it is revocable at any time by either party. Canada v. Ihmsen, supra. See: Rolls v. Allen, 204 Cal. 604, 269 P. 450; 4 Page on Wills 833, sec. 1709.

A jointly executed will, while testamentary rather than contractual in nature, may by its language evidence an irrevocable contract between the parties and thus, as a memorandum in writing, satisfy the statute of frauds. See Waters v. Harper, supra.

It is contended by respondent that the fact that the parties have joined in executing the instrument in question conclusively demonstrates and evidences an enforceable contract. Upon this proposition authority appears to be divided. See: 19 Minn. Law Rev. 95; Anno. 169 A.L.R. 29. In our view the sounder rule rejects the proposition. As stated in Alexander's Commentaries on Wills, sec. 85, quoted in Canada v. Ihmsen, supra: "It should

require something more than the mere making of reciprocal testamentary dispositions to convert a revocable instrument into an irrevocable compact."

Certainly it may be said that the instrument demonstrates that the minds of the parties have met upon a common testamentary wish. Each testator has in effect stated that under the conditions and circumstances then existing such a testamentary disposition is desired. It does not follow, however, that either has promised, regardless of any change in those circumstances which have brought about the common testamentary wish, that such disposition shall nevertheless be maintained irrevocably. Essential to every will is its revocable quality. Implicit in every testamentary expression is a reservation of right to change as circumstances involving status or responsibility may alter or as affection may from time to time direct. That the common testamentary wish of two people is jointly expressed does not in reason or common sense destroy its ambulatory character in this regard. In the absence from the instrument of any expression of or reference to an agreement not to revoke, no promise to such effect, can be implied solely by reason of the reciprocal nature of the testamentary provisions. Gibson v. Crawford, supra; Ginn v. Edmundson, 173 N.C. 85, 91 S.E. 696; In re Rhodes Estate, 277 Pa. 450, 121 A. 327; Beveridge v. Bailey, 53 S.D. 98, 220 N.W. 462, 60 A.L.R. 619; Hale v. Hale, supra; Gray v. Perpetual Trustee Company (1928) A.C. 391, 60 A.L.R. 613. We may not then convert this revocable testamentary expression into mutual irrevocable promises to devise. Under the statute of frauds an oral contract to that effect cannot be enforced.

Respondent contends that performance by himself has removed the bar of the statute since he himself has never revoked the will. This is not sufficient to constitute performance. Gould v. Mansfield, supra; Busque v. Marcou,

147 Maine 289, 86 A.2d 873, 30 A.L.R.2d 1411; McClanahan v. McClanahan, 77 Wash. 138, 137 P. 479; Canada v. Ihmsen, supra.

Reversed and remanded with instructions that judgment be entered for defendants.

BADT and EATHER, JJ., concur.