Martha Garlock, Appellant, v. Joseph Campbell, Appellee.

Gen. No. 8,437.

Opinion filed April 14, 1931.

MARK A. PENICK and LOUIS C. LACROIX, for appellant.

W. EMERY LANCASTER and PAUL B. NICHOLS, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case Martha Garlock, the appellant, sued the appellee Joseph Campbell in the circuit court of Adams county to recover for work, labor and services alleged to have been rendered by her for the appellee; and that the amount due to her for such work, labor and services is $2,385; and the third count of the declaration alleges that work, labor and services were performed as appellee's housekeeper. To the declaration filed in the case, the appellee filed the general issue and seven special pleas, to which a number of replications were filed. It is not necessary to enter into a discussion or detailed consideration of the pleading which is voluminous and prolix; but it is sufficient to point out for the purposes of this opinion, that vital issue was raised by special plea of the statute of frauds, that the suit involved an attempt to charge the appellee upon an agreement made upon consideration of marriage; which was not in writing nor signed by the party to be charged therewith, nor was there any written memorandum or note of the alleged agreement as required by the statute.

There was a trial by jury in the case; and at the close of the evidence for the appellant, which was her own testimony, the appellee made a motion to strike out her testimony relative to the contract testified to by her for the work, labor and services rendered to the appellee and to direct a verdict finding the issues for the appellee. The court granted the motion and directed the verdict; and the jury thereupon returned a verdict finding the issues for the appellee, upon which judgment was entered. This appeal is prosecuted from the judgment.

Many questions of law are raised and argued concerning the propriety of striking the testimony of the appellant and the legality of the appellant's alleged contract with the appellee for the labor and service

rendered; and the direction of the verdict by the court. We shall consider only those matters which have a direct bearing on the legal propriety of the court's action.

The appellant testified concerning her contract with the appellee for the work, labor and services involved, as follows: ''I am the plaintiff in this suit and instituted the suit under the name of Garlock. I married Joseph Campbell on May 20, 1918, at the city of St. Louis, and remarried him on November 15, 1919, at Palmyra. We were remarried upon the advice of Mr. Leroy Adair because Garlock came to have the divorce, which I obtained from him set aside. I knew Campbell almost a year before I married him. He came to see me, sometimes two or three times a week. We first met at the YWCA where I worked. We talked during this time relative to his farm and his business affairs. These conversations took place about two or three weeks before we were married. . . . I had gone away and he asked me upon my return to marry him. I stated to him: 'Well, Joe, I don't care much about it.' He said this: 'I have got to have somebody on the farm and it is war time and I can't get help.' He asked me out on the farm and he took me out. . . . I went with him to the farm and he showed me the farm and what was there. After our return that evening we talked the matter over again and this is what I said to him: 'I don't care to marry you and go on the farm to take the place of a hired hand. That is what you want me to do, and the house work too. You know it is hard for a woman to take the place of a man.' He said: 'Yes, but I can't get help.' He continued to come to see me. . . . I told him when he came that I would marry him but he had to give me $20 a week straight during the time I was there, that was the sum I was earning doing my work. He promised. . . . He promised. He said he would give it to me, it was worth that. We were married a few weeks after that. The

first time in St. Louis and we went on the farm to live. . . . The farm is north of town. When I came on the farm I started doing the house work, cleaning the house. . . . ''

Concerning the services and work performed, the appellant testified: ''I did all the house work, I cooked for all the hired men; I worked out on the farm every day and did my own work and helped him.''

It is clear from the testimony of the appellant, concerning the contract which she entered into with the appellee for the work, labor and service that it was made in consideration of her marriage with the appellee; and inasmuch as it was not made in writing, it was not valid under the provisions of section 1 of chapter 59, commonly referred to as the ''Statute of Frauds,'' Cahill's St. ch. 59, ¶ 1; and the court therefore did not err in striking out the testimony. There is no other evidence upon which to base a right to recover wages or compensation from the appellee under the averments of her declaration; and the court therefore properly directed the jury to find the issues in favor of the appellee.

It is contended, however, by the appellant that notwithstanding the invalidity of the verbal contract with reference to the work, labor and service rendered, inasmuch as she rendered the service to the appellee and he received the benefit thereof, that an implied promise would arise to pay for the same; and that under the rule of *quantum meruit,* she would be entitled to recover the value of her services; and furthermore that the evidence shows that the appellee after their marriage repeatedly promised to pay her for those services, the amount agreed upon before their marriage. It is sufficient to say in reference to this contention, that the rule of *quantum meruit* is not available because the evidence shows that all the work, labor and service performed by the appellant was performed

after her marriage with the appellee, and during the existence of the marriage relations; that is to say, all the work labor and services were rendered and performed by her as the wife of the appellee. Under Cahill's St. ch. 68, ¶ 8; section 8 of chapter 68 (Smith-Hurd) Revised Statutes, "neither husband nor wife shall be entitled to recover any compensation for any labor performed or services rendered for the other, whether in the management of property or otherwise."

Under this section of the statute, no right of recovery of compensation can be implied nor could be maintained under the rule of *quantum meruit* under any promise of compensation shown by the evidence. And the statute in effect not only bars a right of recovery of compensation during the existence of the marriage relation but also after the marriage relation has been ended.

For the reasons stated, we conclude that the court did not err in directing a verdict in favor of the appellee, and rendering judgment thereon; and the judgment is affirmed.

*Judgment affirmed.*