Amanda C. Anglemire, Appellee, v. Policemen's Benevolent Association of Chicago, Appellee.
Policemen's Benevolent Association of Chicago, Appellee, v. Amanda C. Anglemire et al. Mrs. Bernice Schmelzle et al., Appellants.

Gen. No. 9,445.

Opinion filed September 22, 1939.

ENGLAND, O'TOOLE & KAYS, of Chicago, and SAVAGE & HOLBROOK, of Joliet, for appellants.

IRVING SHUTTS, of Joliet, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Clinton H. Anglemire had for many years been a certificate holder in the Policemen's Benevolent Association of Chicago, a fraternal benefit society. On November 2, 1935, he married Amanda C. Anglemire. Following this marriage and on December 13, 1935, pursuant to the by-laws of the association with regard to change of beneficiary, he had a new certificate issued making her beneficiary therein. On November 20, 1936, pursuant to application to the association by the insured in accordance with the constitution and by-laws thereof, he caused cancellation of the certificate of December 13, 1935, and procured a new certificate making appellants herein the beneficiaries. He died on July 2, 1938. Following his death, Amanda C. Anglemire, beneficiary in the former certificate, and appellants as beneficiaries in the latter certificate, each made claim for the benefits.

Suit was first instituted by Amanda C. Anglemire in which she claimed that the certificate issued on December 13, 1935, wherein she was made beneficiary, was in full force and effect at the time of the insured's death. She based her claim upon a parol promise of the insured made to her prior to the marriage, that if she would marry him, he would surrender the certificate which he then held and procure a new one naming her as beneficiary, and that she relying on such promise, married the insured. She set up the issuance of the certificate of December 13, 1935, wherein she was made beneficiary, alleged such certificate to be in her possession, and that she was ready and willing to surrender it upon payment of the benefits therein provided. She

alleged that she fulfilled her marriage obligations to the insured, and that he was estopped from changing the beneficiary from her to any other person.

The association answered this complaint alleging that the insured prior to his death and on November 20, 1936, secured a new certificate pursuant to the by-laws of the association, upon his affidavit that the certificate then existing was in the possession of his wife and could not be produced by him; and that pursuant to the constitution and by-laws of the association, the certificate of November 20, 1936, was issued in place of that previously issued under date of December 13, 1935. The certificate of November 20, 1936, named as beneficiaries the children and a sister of the insured.

In view of the fact that the association had two sets of claimants for the benefits provided in the certificate, it filed its complaint in the nature of a bill of interpleader making all the claimants defendants. The cause was then transferred to the chancery docket. The defendants made answer and hearing was had upon their respective rights to the benefits. Appellee based her right thereto upon the parol promise of the insured that if she would marry him he would make her beneficiary, and claimed that in consideration of such promise, she married him; that following the marriage he surrendered the old certificate and caused to issue a new one under date of December 13, 1935, naming her as beneficiary; and that he was estopped from changing the beneficiary as was done by the certificate issued on November 20, 1936. Appellants set up that her claim was barred by the statute of frauds, and that her alleged agreement made with the insured was void.

The trial court held in favor of appellee wife, and decreed that she was entitled to the benefits accruing under the certificate. The court found by the decree that prior to the marriage of the insured with appellee, he held a benefit certificate in the association; that prior to such marriage he promised and agreed with

her that if she would marry him he would surrender that certificate and procure a new one in which he would name her as beneficiary; that she, relying on such promise, married the insured; that after the marriage he did procure a new certificate naming her as beneficiary, and of which certificate she is in possession; that the above agreement between appellee and the insured upon the subsequent marriage and change of beneficiary became an executed contract; that he was estopped from later changing same; that his action in procuring the certificate of November 20, 1936, was void, and the beneficiaries named therein not entitled to any of the benefits accruing under the certificate of the insured in said association. From the above decree, the beneficiaries named in the certificate of November 20, 1936, have prosecuted this appeal.

It appears under article IV of the constitution and by-laws of the association that, "In case a member is unable for any reason to surrender his certificate for change of beneficiary, he may file with the Recording Secretary of the Association, his affidavit, setting forth the reasons why he is unable to surrender his certificate, for cancellation and for the issuing of a new certificate, and in and by such affidavit, he may designate a new beneficiary of his choice and such change of beneficiary by affidavit shall be binding upon the member, his beneficiary and the Association." It appears by the testimony of Mr. Christensen, a member of the Chicago police force and a trustee of the association, that it was his duty to collect dues from the members and to take care of the matter of change of beneficiaries. He states that he knew the insured and that he took care of the change of beneficiary when the same was changed to appellee in December, 1935, and also took care of the last change in beneficiary from her to appellants. The insured came in person to see this witness regarding the last change in beneficiary. He stated that he was unable to produce the certificate then outstanding be-

cause his wife had it, whereupon he was permitted to fill out an affidavit for the issuance of a new certificate pursuant to the above provision of the constitution and by-laws. The affidavit made by the insured was upon the regular form furnished and used by the association. Pursuant to the execution of the affidavit, and in accordance with the constitution and by-laws of the association, the policy of November 20, 1936, making appellants beneficiaries, was issued and delivered to the insured, and the certificate issued on December 13, 1935, canceled.

It appears that the marriage was not a happy one. The insured was of advanced years and considerably older than appellee. Their difficulties at times assumed a violent nature. In the early part of November, 1936, appellee took possession of certain securities of the insured, including the policy in which she was beneficiary. This precipitated a personal encounter between them, wherein the insured was not the winner. Appellee retained the policy. Soon thereafter the insured made the change of beneficiary by the cancellation of the certificate of December 13, 1935, and procuring issuance of that of November 20, 1936.

The English statute of frauds provides that no action should be brought to charge any person on any agreement made in consideration of marriage, unless the agreement or some memorandum or note thereof should be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized. In this country, this provision has been generally adopted by the various jurisdictions. And contrary to the rule which prevails in cases of other contracts, the subsequent marriage of the parties is not considered to constitute such a part performance as to take the contract out of the operation of that provision of the statute of frauds directed against contracts in consideration of marriage. The rule in such case is based upon the express language of the

statute. Promise of marriage, followed by the marriage, is the exact situation contemplated by the statute. The marriage adds nothing to the circumstances set out by the statutory provision which makes a writing essential. The promise in itself being a nullity, produces no obligation, and any subsequent act of the husband following the marriage must be considered as purely voluntary. Thus the agreement being void under the statute of frauds, the act of the husband after marriage even though in view of such agreement, must be deemed to be without legal consideration to support it, and as above said, stands therefore upon the same basis as if such act were purely voluntary. Hence the insured had the right to change the beneficiary in the policy as provided by the constitution and by-laws of the association.

Under the English statute of frauds, and similar enactments in the various jurisdictions in this country, promises in consideration of marriage, other than the mutual promise to marry, are required to be in writing; and an oral promise to settle property upon an intended spouse is void. It is well-settled in this State that a verbal executory promise or agreement, made in consideration of marriage, is embraced within the provision of the statute of frauds, requiring that actions, ''to charge any person upon any agreement made upon consideration of marriage, . . . shall be in writing, and signed by the party to be charged therewith.'' *McAnnulty v. McAnnulty,* 120 Ill. 26; *Richardson v. Richardson,* 148 Ill. 563; *Keady v. White,* 168 Ill. 76; *Austin v. Kuehn,* 211 Ill. 113; *Garlock v. Campbell,* 263 Ill. App. 287.

Appellee bases her right to the benefits of the certificate upon an oral promise of the insured, made in consideration of marriage. Under sec. 1 of ch. 59 of the statutes (commonly called the statute of frauds) such an agreement was void, and the subsequent mar-

riage did not take the same out of the operation of the statute.

The decree is reversed and the cause remanded to the trial court with directions to enter judgment in favor of appellants.

*Reversed and remanded with directions.*